UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**LILLY M. TULL,**

          **Plaintiff,**

-vs-                                                 Case No. 2:04-cv-279-FtM-29DNF

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      Plaintiff Lilly Tull seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

      **I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

      The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful

activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

On March 30, 2001, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), asserting a disability onset date of June 1, 1998. (Tr. p. 56-57). Her claim was denied initially on June 20, 2001, and denied upon reconsideration on January 14, 2002. (Tr. p. 30-34, 35-41). A hearing was held before Administrative Law Judge William J. Kogan ("ALJ") on December 2, 2003. (Tr. p. 223-243). The ALJ's decision dated January 29, 2004, denied Plaintiff's claim for benefits (Tr. p. 15-21). At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since her onset date. (Tr. p. 20). At Step 2, the ALJ found Plaintiff had degenerative disc disease of the lumbar spine and osteoarthritis of the hips, which is an impairment or a combination of impairments considered "severe" based on the requirements in 20 C.F.R. §404.1520(b). (Tr. p. 20). At Step 3, the ALJ found Plaintiff's impairments did not meet or medically equal one of the listed impairments in Appendix1, Subpart P, Regulation No. 4. (Tr. p. 20). The ALJ did not find Plaintiff to be totally credible regarding her limitations. (Tr. p. 21). At Step 4, the ALJ determined that Plaintiff's medically determinable impairment did not prevent her from performing her past relevant work. (Tr. p. 21). Accordingly, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. (Tr. p. 31). Plaintiff sought review by the Appeals Council, which denied review on April 8, 2004. (Tr. p. 4-6). Plaintiff timely sought review of this decision by the United States District Court on May 18, 2004. (Doc. 1). The parties agree that the case is ripe for review.

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Review of Facts and Conclusions of Law**

**A. Background Facts**

Plaintiff was born on November 19, 1942, and was sixty-one years old on the date of the hearing. (Tr. p. 227). She has a sixth grade education. (Tr. p. 229). Her past work experience was grading fruit. (Tr. p. 229). Plaintiff had to quit her work because her back and feet were hurting, and

she was hardly able to move. (Tr. p. 229). The job required that Plaintiff remain standing the whole time, even though her co-workers did sit down and do the job. (Tr. p. 230-231). Plaintiff testified that she continues to have pain in her lower back and in her feet on a daily basis. (Tr. p. 231). She can stand or walk for approximately 30 to 45 minutes before the pain becomes unbearable. (Tr. p. 231-232). She is able to sit for 45 minutes to an hour. (Tr. p. 232). Her foot pain has gotten worse since she quit working. (Tr. p. 232). The foot pain and the burning she feels in her feet keep her up all night. (Tr. p. 232). She also has hip pain which prevents her from sleeping. (Tr. p. 239). The other problems that she has that interfere with her work are diabetes, dry mouth, dizziness, arthritis in her arms, hands, and shoulders, and problems with her knees. (Tr. p. 233-234). She takes aspirin or Tylenol for her pain. (Tr. p. 235). She takes Zoloft for her depression and it has helped her. (Tr. p. 238). She is able to lift 10 pounds. (Tr. p. 241). The Plaintiff testified that James Smith is her regular physician. (Tr. p. 226).

### 1. Medical History

On April 15, 1998, Plaintiff went to the Family Health Centers of Southwest Florida, Inc. ("Family Health Centers") with complaints of dizziness, nausea and trouble sleeping. (Tr. p. 149). By April 29, 1998, Plaintiff had no more complaints of dizziness, and she was feeling better. (Tr. p. 148). On October 6, 1998, Plaintiff went to Family Health Centers with a complaint of itchy eyes and nose. (Tr. p. 146) She was diagnosed with allergic rhinitis and hypertension. (Tr. p. 146). She was prescribed Zyrtec. (Tr. p. 146). In December 2000, Plaintiff visited the Family Health Centers with complaints of pain in her calves, burning pain in her feet, and pain in her low back which had been occurring for 4 years. (Tr. p. 141). Plaintiff reported that the pain worsened when she walked or stood. (Tr. p. 141). She was prescribed Celebrex and told to use warm compresses. (Tr. p. 140). On

April 26, 2001, Plaintiff again visited the Family Health Centers with complaints of low back pain which radiated down to her buttocks. (Tr. p. 138). Plaintiff stated that the pain worsened when she was on her feet a lot. (Tr. p. 138). She continued to complain of tingling in her feet, and pain when climbing steps or squatting. (Tr. p. 138). Her back was tender to the touch, and her legs had no edema. (Tr. p. 138). Plaintiff refused an MRI, and continued on Celebrex, began back exercises and used heat on her back. (Tr. p. 138). She again complained of burning in her feet and back pain on May 3, 2001, but had no point tenderness. (Tr. p. 137). The doctor scheduled an MRI. (Tr. p. 137). On June 14, 2001, Plaintiff was told that she had a large mass in her pelvis. (Tr. p. 136). The mass was removed by surgery[1]. (Tr. p. 172-184).

On January 2, 2002, Plaintiff was seen by S. V. Nagarathinam, M.D. complaining of low back pain, pain in both hips, and burning in both feet. (Tr. p. 185). Dr. Nagarathinam found that the MRI scan of the lumbar spine did not show any decompression. (Tr. p. 185). Plaintiff told the doctor that Celebrex helped her but she could not afford it. (Tr. p. 185). She also told the doctor that she could not sit, stand or walk for more than 30 minutes, nor could she lift more than 10 pounds. (Tr. p. 185). She was prescribed medication for her hypertension and reflux esophagitis. (Tr. p. 186). Dr. Nagarathinam found no edema in her extremities, and no tenderness. (Tr. p. 186). Dr. Nagarathinam diagnosed Plaintiff with hypertension, hypercholesterolemia, impaired glucose tolerance, lumbar disc disease, osteoarthritis of the hips, burning feet, and reflux esophagitis. (Tr. p. 186). Dr. Nagarathinam found Plaintiff to have no tenderness over the spine, her range of movement and straight leg tests

---

[1] The medical records from Lee Memorial Hospital were included in the transcript. (Tr. p. 172-184). No evidence was presented that the procedure to remove the cyst performed at Lee Memorial Hospital had any residual affect on Plaintiff's health.

were normal, her gait was normal, and her handgrip and fine manipulations were normal. (Tr. p. 187). He also found her mental status to be normal. (Tr. p. 187).

On July 31, and August 2, 2002, Plaintiff went to the Family Health Centers for pain in her shoulder. (Tr. p. 216). On September 23, 2002, Plaintiff visited Family Health Centers and reported that she was feeling well. (Tr. p. 211). On October 29, 2002, Plaintiff complained of low back pain that radiated down to her hips which Plaintiff reported was a chronic problem that had been occurring for several years. (Tr. p. 208). On April 21, 2003, the Plaintiff went to the Family Health Centers complaining of fatigue, mood swings, lack of interest in daily activities, and difficulty sleeping. (Tr. p. 202). She was diagnosed with depression. (Tr. p. 202). The Plaintiff returned on May 5, 2003, and May 9, 2003 stating that she felt better. (Tr. p. 201).

A Physical Capacity Evaluation was completed by James Smith, M.D. on November 19, 2003. Dr. Smith found that Plaintiff was unable to stand or walk, unable to sit, able to lift up to 10 pounds occasionally, unable to use her hands for grasping, pushing, pulling but could do fine manipulation. (Tr. p. 221). Dr. Smith found Plaintiff unable to use her feet for foot controls. (Tr. p. 221). Finally, Dr. Smith found Plaintiff unable to bend, squat, crawl, climb, or reach above her shoulder. (Tr. p. 222).

**2. State Evaluations**

On May 30, 2001, a state agency reviewer completed a Physical Residual Functional Capacity Assessment form (Tr. p. 150-157). The reviewer found Plaintiff able to lift 50 pounds occasionally, and 25 pounds frequently. (Tr. p. 151). He found Plaintiff able to stand and/or walk for 6 hours in an 8 hour day, and to be able to sit for six hours in an eight hour day. (Tr. p. 151). The reviewer

found Plaintiff was unlimited in her ability to push and/or pull using her feet or hands. (Tr. p. 151). The reviewer also found Plaintiff had no postural limitations which include climbing, balancing, stooping, kneeling, crouching, or crawling. (Tr. p. 152).

On June 15, 2001, a Psychiatric Review Technique form was completed. (Tr. p. 158-170). The reviewer found no medically determinable impairments. (Tr. p. 158). The reviewer concluded that Plaintiff has no mental impairments. (Tr. p. 170).

A second Physical Residual Functional Capacity Assessment was completed on January 5, 2002. (Tr. p. 190-197). The reviewer found Plaintiff to be able to lift 50 pounds occasionally, and 25 pounds frequently. (Tr p. 191). The reviewer found Plaintiff able to stand, walk or sit for six hours in an eight hour day, with no limitation on her ability to push and/or pull using her feet or hands. (Tr. p. 191). The reviewer concluded that Plaintiff has no significant disability, no significant organic disease, and no credibility in her symptoms. (Tr. p. 191, 195).

**B. Specific Issues**

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are: (1) the ALJ erred by not finding the Plaintiff disabled pursuant to the medical vocational guidelines; and (2) the ALJ erred in assessing the Plaintiff's credibility.

**1. Exertional Demands of Medium Work**

The Plaintiff argues that the ALJ erred in finding that Plaintiff could perform the exertional demands of medium work. Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. §404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id*.

In evaluating a claimant's residual functional capacity, the ALJ is obligated to consider all of the claimant's impairments, including subjective symptoms such as pain. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of 25 pounds. 20 C.F.R. §416.968(c).

Plaintiff asserts that she is unable to perform all of the requirements of medium work due to her pain in her low back, hips, legs, burning in her feet, her diabetes and high blood pressure. She relies on Dr. Smith's Physical Capacity Evaluation. The Plaintiff argues that she is an individual who is limited to light work and is approaching retirement age with limited education and unskilled work experience, and the Medical Vocational Guidelines determine her to be disabled. The Plaintiff asserts that the ALJ should have used the Grids to find Plaintiff disabled.

Ordinarily, an ALJ must give substantial or considerable weight to the testimony of a treating physician unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004), citing, Lewis *v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), *see also*, *Morrison v. Barnhart*, 278 F.Supp.2d 1331, 1334 (M.D. Fla 2003), *citing Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). An ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician and the failure to do so is reversible error. *Lewis,* 125 F.3d at 1440. For good cause to be shown, the ALJ must show that the opinion of the treating physician is not supported by the evidence or the treating physician's opinion is conclusory or inconsistent with the medical records. *Id*. Further, a treating physician's opinion must be supported by medically acceptable clinical and laboratory diagnostic techniques to be given controlling weight. *Patterson v. Chater*, 983 F.Supp. 1410, 1414 (M.D. Fla. 1997), *citing,* 20 C.F.R. §404.1425(e). If an ALJ fails to state a reasonable

basis for the rejection of a treating physician's opinion, the opinion will be accepted as true as a matter of law. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The only document submitted from Dr. Smith is his Physical Capacity Evaluation. There are no treating records from him. The ALJ reviewed Dr. Smith's Evaluation, and gave it no weight. The ALJ found that Dr. Smith's opinion was not supported by any clinical or diagnostic findings. The ALJ concluded that Dr. Smith's Evaluation found Plaintiff to be totally bed and house bound, which she did not allege. Additionally, the ALJ found that Dr. Smith did not prescribe any extraordinary treatments for her or hospitalize her. The ALJ clearly stated his reasons for rejecting Dr. Smith's opinion. The Court agrees with the ALJ that Dr. Smith's opinions were not supported by the medical evidence that was submitted. Plaintiff's own testimony and her medical records did not indicate that she was unable to stand, walk, or sit. Therefore, the ALJ did not err in disregarding Dr. Smith's Physical Capacity Evaluation.

At the fourth step, the ALJ must consider a claimant's residual functional capacity and her ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine a claimant's residual functional capacity, the ALJ must consider all of the relevant medical evidence in the case as well as the other evidence presented. *Id*. If the ALJ concludes that the claimant can return to her past relevant work, then the ALJ will conclude that the claimant is not disabled. *Id*., citing 20 C.F.R. §404.1520(a)(4)(iv) & (f).

The ALJ considered all of Plaintiff's relevant medical evidence. Plaintiff's medical history does support a finding that she has the residual functional capacity to perform medium work. In December 2000, Plaintiff first complained of burning in her feet and pain in her low back. She stated that it had been occurring for four years. She was given Celebrex which she eventually stopped

taking. The medical evidence showed no edema in her extremities, no consistent tenderness, no spine decompression, no limitation in range of movement, and her gait was normal. Other than Plaintiff's subjective complaints of pain, the medical records do not support her claims. Further, she complained of her pain intermittently throughout her medical records. Her complaints of pain started in December 2000, and then there were no complaints until April, May, and June of 2001. The next records of her complaint were in January, July and August 2002. In September 2002, she reported that she was feeling well. Other than prescribing Celebrex, there are no medical records of treatment for her subjective complaints of pain. She testified that she controlled the pain by taking Tylenol or aspirin. The ALJ did not err in determining that Plaintiff could return to her past relevant work based upon the medical and other evidence presented and did not err in failing to apply the Medical Vocational Guidelines.

### 2. Credibility

The Plaintiff argues that the ALJ erred in finding Plaintiff's allegations of disabling symptoms to be not fully credible. The ALJ considered all of Plaintiff's symptoms including pain. (Tr. p. 18). He included her testimony that she had pain in her lower back and feet every day, that she could stand or walk for no longer than 30 to 45 minutes, that she could sit for no longer than 45 to 60 minutes, that she could lift no more than ten pounds, and could not bend, squat or kneel. (Tr. p. 18). The ALJ reported that Plaintiff testified to general pain all over, and to having arthritic pain in her hands, upper arms, shoulders and across her back. (Tr. p. 18). He discussed the numbness in her right leg, but stated that she failed to discuss the duration or intensity of this numbness. (Tr. p. 18). He acknowledged that the Plaintiff had dizzy spells, and included the Plaintiff's medication history. (Tr. p. 18). The ALJ also noted that the Plaintiff takes care of her own needs, does some household chores,

and goes out socially, although not as often as previously. (Tr. p. 18-19)  The ALJ found Plaintiff's disabling symptoms and limitations not to be fully credible. (Tr. p. 19).  He found her allegations to be inconsistent with her treatment regimen which consisted of some prescription medications and Tylenol. (Tr. p. 19).  The ALJ found that Plaintiff was not on a special pain program, and her pain symptoms were not consistent.  (Tr. p. 19).

The ALJ has discretion to determine that a claimant's complaints of pain or other subjective symptoms are not credible.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  But, if the ALJ rejects a claimant's testimony, he or she must articulate reasons, based on substantial evidence, for refusing to credit a claimant's subjective pain testimony. *Wilson v. Barnhart*, 284 F.3d 1219, 1225, (11th Cir. 2002), *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991).  If the ALJ fails to articulate the reasons for discrediting the subjective testimony of the plaintiff, then as a matter of law, the testimony must be accepted as true. *Wilson v. Barnhart*, 284 F.3d at 1225, citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

In the instant case, based upon substantial evidence, the ALJ articulated reasons why he refused to give credit to the Plaintiff's subjective pain testimony.  He found that the medical evidence did not support her subjective complaints.  She visited doctors frequently, yet only complained about the pain sporadically.  The ALJ reviewed her medical records and found that she was not in a treatment program for pain, but was given prescription medication occasionally and handled the pain with Tylenol.  The Court finds that the ALJ's determination as to credibility is supported by the record, and the ALJ did not err in not finding the Plaintiff's testimony as to her symptoms to be fully credible.

**III. Conclusion**

Accordingly, the ALJ's decision is consistent with the requirements of law and supported by substantial evidence. It is recommended that a judgment should be entered pursuant to sentence four of 42 U.S.C. §§405(g) and 1383(c)(3), **AFFIRMING** the decision of the Commissioner. It is further recommended that the Clerk of the Court be instructed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida.

**DATED:**   May 18th , 2005

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties